UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE NEWBERN; EUGENE HARRIS,<br><br>　　　　　　Plaintiffs,<br>　vs.<br>CARISMA DE LOS REYS; AMBER AGUILERA; BETTY HAZE; ERICA BROUSSARD,<br><br>　　　　　　Defendants. | CASE NO. 10cv986-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis (Doc. # 2) and the Motion to Appoint Counsel (Doc. # 3).

**BACKGROUND**

　　On May 7, 2010, Plaintiffs Michelle Newbern and Eugene Harris, nonprisoners proceeding pro se, initiated this action by filing a Complaint in this Court. (Doc. # 1). On May 7, 2010, Plaintiffs filed the Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP"), and the Motion to Appoint Counsel. (Doc. # 2, 3).

**ANALYSIS**

**I.　Motion to Proceed IFP**

　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C.

1 § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

2 In their affidavit accompanying the Motion to Proceed IFP, Plaintiffs state that they are
3 not currently employed, but receive Social Security disability benefits. (Doc. # 2 at 2).
4 Plaintiffs state that they have no assets of value. (Doc. # 2 at 2-3). The Court has reviewed
5 Plaintiffs' affidavit and finds it is sufficient to show that Plaintiffs are unable to pay the fees
6 required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28
7 U.S.C. § 1915(a).

8 **II.    Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)**

9 After granting IFP status, the Court must dismiss the case if the case "fails to state a
10 claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

11 The standard used to evaluate whether a Complaint states a claim is a liberal one,
12 particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97
13 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that
14 were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th
15 Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d
16 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states
17 a claim for relief must contain ... a short and plain statement of the claim showing that the
18 pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the
19 grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic
20 recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550
21 U.S. 544, 555 (2007) (quotation omitted).

22 The Complaint, in its entirety, reads: "Plaintiff alleges: that the[] four Defendants ha[ve]
23 violated [our] civil rights and [our] disabled rights under the Americans with Disability Act.
24 The[y] are State employees that are involved in this case that have discriminated under the
25 color of law." (Doc. # 1 at 1).

26 These allegations are insufficient to put Defendants on notice of the claims against
27 them, as required by Rule 8 of the Federal Rules of Civil Procedure. For this reason, the Court
28 finds that Plaintiffs fail to state a claim on which relief can be granted.

### III. Appointment of Counsel

In light of the Court's sua sponte dismissal of this action, Plaintiffs' request for appointment of counsel is denied as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Formal Pauperis (Doc. # 2) is **GRANTED**. The Complaint is **DISMISSED** without prejudice. No later than **THIRTY (30) DAYS** from the date of this Order, Plaintiffs may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure. If Plaintiffs do not file an amended complaint within thirty days, the Court will order this case to be closed. The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

DATED: May 12, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge